James K. SIELAK, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellee.

No. S–8215.

Supreme Court of Alaska.

May 15, 1998.

Arthur L. Robson, Robson Law Office, Fairbanks, for Appellant.

Scott Davis, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

COMPTON, Justice.

## I. INTRODUCTION

James Sielak appeals a decision of the superior court that affirmed CSED's determination that CSED was without jurisdiction to disestablish James's paternity of two minor children. We affirm in part and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

James Sielak and Emma Nicolai Strong were married in July 1982. In 1984 they separated. James asserts that they unsuccessfully attempted a dissolution of marriage in the summer of 1985. James asserts that at about that time, Emma moved in with Robert Neal. In April 1986 Emma gave birth to Derrick John Neal. As James and Emma were still husband and wife, James's name appeared on Derrick's birth certificate as the father. Approximately one year later, Emma gave birth to Douglas Lee Neal. James and Emma were still legally married.

In April 1988 CSED served James with a Notice and Finding of Financial Responsibility (NFFR) with respect to Derrick.[1] This notice established a support obligation of $692 per month and arrears of $5,401. James took no action contesting the NFFR at that time. Six years later, CSED sent James a Notice of Review of Administrative Support Order. Based on information provided by James, CSED modified his support obligation to $50 per month. This modification was issued in January 1996 with an effective date of May 1, 1994. James appealed this decision and requested an administrative hearing.

CSED held a hearing in March 1996 at which it affirmed its support determination. The hearing officer held that CSED had no jurisdiction to disestablish paternity. He held that support was required unless and until a court of competent jurisdiction disestablished James as Derrick's legal father. James appealed to the superior court. The superior court held that CSED was without jurisdiction to disestablish paternity. The

superior court further held that, even if CSED had jurisdiction, James had not presented to CSED the clear and convincing evidence required to disestablish his paternity. This appeal followed.

## III. STANDARD OF REVIEW

 When the superior court acts as an intermediate court of appeals, this court pays no deference to its decision. See Brown v. State, 931 P.2d 421, 423 (Alaska 1997). The question whether CSED had jurisdiction to disestablish paternity is one of law. This court reviews questions of law de novo. See Guin v. Ha, 591 P.2d 1281, 1284 n. 6 (Alaska 1979). This court has the duty to "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." Id.

## IV. DISCUSSION

James makes two arguments that CSED had jurisdiction to disestablish paternity. We discuss each in turn.

### A. By Statute

James suggests that AS 25.27.166 provided CSED with the authority to disestablish his paternity of Derrick. Alaska Statute 25.27.166 became effective January 1, 1996, and required CSED to establish administrative procedures for disestablishing paternity of a child where paternity was initially established neither by court order nor by certain genetic tests. Subsection (b)(2) of AS 25.27.166, however, permits a petition to disestablish paternity to be brought, pursuant to these new procedures, only within "three years after the child's birth or three years after the petitioner knew or should have known of the father's putative paternity."

 CSED asserts, and James does not contest, that (1) April 22, 1989, marks three years after Derrick's birth; (2) May 5, 1991, marks three years after CSED served James with the NFFR, putting him on notice that he was Derrick's legal father and owed a duty of support; and (3) AS 25.27.166 did not become effective until well after those dates. James argues that this is somehow an "ex post facto" application of the statute of limi-

---

1. CSED had not yet attempted to collect support on behalf of Douglas.

tations. James fundamentally misconstrues the nature of an *ex post facto* law. "An *ex post facto* law is a law passed after the occurrence of a fact or commission of an act which retrospectively changes the legal consequences or relations of such fact or deed." *Underwood v. State*, 881 P.2d 322 (Alaska 1994). Alaska Statute 25.27.166 does not change the legal consequences of actions James took before it was passed. It simply does not include James in the class of putative fathers who may take advantage of CSED's new authority. Alaska Statute 25.27.166's time limitation is not an unconstitutional *ex post facto* law. CSED had no authority to disestablish James's paternity of Derrick under AS 25.27.166.

### B. *By Inherent Power*

■ A basic proposition regarding administrative agencies comes from *McDaniel v. Cory*, 631 P.2d 82 (Alaska 1981). In *McDaniel* we stated that "[a]dministrative agencies rest their power on affirmative legislative acts. They are creatures of statute and therefore must find within the statute the authority for the exercise of any power they claim." *Id.* at 88. The plain language of *State, Department of Revenue v. Wetherelt*, 931 P.2d 383, 389 (Alaska 1997), makes absolutely clear that, outside of AS 25.27.166, "CSED lacked statutory authority to disestablish paternity."

### V. *CONCLUSION*

■ The judgment of the superior court finding CSED to be without jurisdiction to disestablish paternity in the instant case is AFFIRMED. We REMAND this case to the superior court with directions to conduct a paternity adjudication[2] to determine whether James is, in fact, the father of Derrick or Douglas. On remand, the superior court shall take whatever additional evidence it deems necessary, including blood-testing, to resolve the paternity issue and then deter-

mine the parties' respective financial rights and liabilities.

---

2. We do not see the need, under these circumstances, to require James to file yet another ac-

tion in superior court to disestablish paternity.